UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| JASON R. DRUMM, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | CASE NO: 1:15-cv179-JTM-SLC |
|  | ) |  |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | ) ) |  |
|  | ) |  |
| Defendant. | ) |  |

## OPINION AND ORDER

Defendant American Family Mutual Insurance Company removed this case here based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (DE 1). The notice of removal alleges that Plaintiff is a citizen of Indiana; Defendant's allegations with respect to its own citizenship, however, are unclear. (DE 1 at ¶ 6). It states in one sentence that it "is a Wisconsin corporation," and in the next that it is "a foreign limited liability company." (DE 1 at ¶ 6).

This distinction is important because for purposes of establishing diversity jurisdiction, a limited liability company's citizenship is different than that of a corporation. Corporations "are deemed to be citizens of the state in which they are incorporated *and* the state in which they have their principal place of business." *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (citing 28 U.S.C. § 1332(c)(1)). Therefore, if Defendant is a Wisconsin corporation, the Court also needs to be informed of the location of its principal place of business.

Conversely, if Defendant is a limited liability company, the Court must be advised of the identity and citizenship of each of its members, as a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*,

150 F.3d 729, 731 (7th Cir. 1998); *see Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006); *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (explaining that the court would "need to know the name and citizenship(s)" of each partner for diversity jurisdiction purposes). Moreover, citizenship must be "traced through multiple levels" for those members who are a partnership or a limited liability company, as anything less can result in a remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

As the party seeking to invoke federal diversity jurisdiction, Defendant bears the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Accordingly, Defendant is ORDERED to file an amended petition for removal on or before July 24, 2015, that properly alleges its citizenship.

SO ORDERED.

Enter for this 10th day of July 2015.

s/ Susan Collins  
Susan Collins,  
United States Magistrate Judge